IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Matthew Thomas Mcgrath,  Case No. 3:09 CV 1686

            Plaintiff,  MEMORANDUM OPINION
  AND ORDER

-vs-
  JUDGE JACK ZOUHARY

Maggie Beightler, et al.,

            Defendants.

### INTRODUCTION

*Pro se* Plaintiff Matthew Mcgrath filed this action under 42 U.S.C. § 1983 against Maggie Beightler, the Warden of Marion Correctional Institution (MCI), Mr. Fox, MCI Operations Manager, Andy Parker, a male nurse, and the Ohio Department of Rehabilitation and Correction (ODRC).

### BACKGROUND

Plaintiff, an inmate currently at North Central Correctional Institution, alleges the following facts. On July 20, 2007, while at MCI, Plaintiff was eating lunch when he was assaulted by another inmate who hit him in the jaw. Plaintiff panicked and ran out the exit door looking for the cafeteria monitor. The inmate chased him and continued the attack. Prison officers then restrained the inmate as well as Plaintiff. Plaintiff was taken to the MCI medical department where he asked Andy Parker to take an x-ray and send him to the hospital. He alleges he was bleeding profusely from the lower right side of his mouth, his teeth were sideways, and he was in severe pain. Parker explained that because it was Friday, the doctor was leaving and the x-ray technician was not on the premises so he

would be put on a waiting list for an x-ray on Monday, July 23. He was escorted to segregation and lock-down for fighting and given Tylenol for pain.

On July 22, Beightler and Fox came through segregation to check on the inmates and were stopped by Plaintiff who was crying. He complained that his jaw was "in lock jaw mode due to it being possibly broken & I needed to go the hospital due to my excruciating pain and bleeding. Maggie Beightler told me 'wait until the x-ray technician comes in' and Mr. Fox stated 'if your jaw were broken & you had lock jaw, you wouldn't be able to speak right now'" (Doc. No. 1 at 6).

An x-ray was taken on July 23 which showed that Plaintiff had a fractured jaw. He was then taken to The Ohio State University Medical Center. On July 24 surgery was performed.

The Rules Infraction Board found Plaintiff guilty for fighting even though he claimed he was assaulted. He asserts the ODRC should have had working cameras to record the alleged incident. Plaintiff states he was previously assaulted on October 7, 2005 while incarcerated in Lake Erie Correctional Institution, and on July 20, 2007 at MCI by gang members, both times suffering fractured bones. Plaintiff alleges it is the responsibility of the ODRC to ensure inspections and enforcement are made for all policies and rules, especially for safety issues. If cameras had been recording, criminal charges could have been brought against his assailant.

## ANALYSIS

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), a district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). "*Pro se* plaintiffs are not automatically entitled to take every case to

2

trial." *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). Under these criteria, the Court finds the claim asserted in this action should be dismissed in part.

**Lack of Medical Treatment**

Cruel and unusual punishment in violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to the serious medical needs of prisoners. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Mere negligence or malpractice is insufficient to establish an Eighth Amendment violation. *Bowman v. Corrections Corp. of America*, 350 F.3d 537, 544 (6th Cir. 2003) (citing *Estelle,* 429 U.S. at 106 n. 14). In order to be found liable, a prison official must know of and disregard an excessive risk to inmate health or safety. "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *see Blackmore v. Kalamazoo County,* 390 F.3d 890, 895 (6th Cir. 2004) (inmate must have a sufficiently serious medical need such that he is incarcerated under conditions posing a substantial risk of serious harm). He must also show "the prison official possessed a 'sufficiently culpable state of mind. . .' Deliberate indifference requires a degree of culpability greater than mere negligence, but less than 'acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005) (quoting *Farmer,* 511 U.S. at 834-35).

Plaintiff alleges he informed Defendants that he was in excruciating pain, and that they could see he was bleeding. Yet he claims he received no treatment for four days and eventually required

surgery. Whether prison officials[1] were deliberately indifferent to his medical needs or merely negligent is an issue Plaintiff should be allowed to pursue.

**The Assault**

In his Complaint, Plaintiff asserts that he "was found guilty for fighting even though it was an assault that happened on camera that was supposed to be recording and monitored per Ohio Department of Rehabilitation and Correction" rules (Doc. No. 1 at 7). He states that he wrote many informal complaints, including a complaint dated August 2, 2007.

Although prison officials are responsible for the safety of inmates, not every injury constitutes a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *Farmer*, 511 U.S. at 834. In order to prove an Eighth Amendment violation for a prison official's failure to protect, an inmate must demonstrate that the official was deliberately indifferent "to a substantial risk of serious harm" to the inmate. *Greene v. Bowles,* 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer,* 511 U.S. at 828); *Leary v. Livingston County,* 528 F.3d 438, 442 (6th Cir. 2008) (the court must consider whether the alleged deprivation was sufficiently serious and whether the official acted with "deliberate indifference" to inmate health or safety). To demonstrate deliberate indifference, an inmate must present evidence from which a trier of fact could conclude "that the official was subjectively aware of the risk" and "disregard [ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

---

[1] The doctrine of sovereign immunity bars Plaintiff's claims for damages against the ODRC. *See Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997). The Court reads Plaintiff's amendment to his Complaint (Doc. No. 4) as adding the ODRC to the individual Defendants, rather than replacing the individual Defendants. *Boag*, 454 U.S. at 365 (1982) (*pro se* pleadings are liberally construed).

According to the Complaint, prison officials were aware a week before the assault in question that Plaintiff had been assaulted by gang members, allegedly suffering fractured bones. Plaintiff has alleged sufficient evidence showing that prison officials may have been aware of a substantial risk of serious harm to Plaintiff and failed to protect him.

**Institutional Policies**

Plaintiff requests this Court order the ODRC to increase its protection to inmate's rights by enforcing safety, hiring more correctional officers, placing more recording monitored cameras in all Ohio prisons and make assessments that will help tag gang members.

A failure to comply with an administrative rule or policy does not amount to a constitutional violation. *Smith v. Freland,* 954 F.2d 343, 347-48 (6th Cir. 1992). This claim would be a matter of state law not recognizable under Section 1983. *Id*. Thus, the ODRC is not a proper party to this action.

## CONCLUSION

Accordingly, Defendant Ohio Department of Rehabilitation and Correction is dismissed from this action pursuant to 28 U.S.C. § 1915(e), and the Court certifies that an appeal from its dismissal could not be taken in good faith. As to the remaining Defendants, Maggie Beightler, Fox, and Andy Parker, the Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. The Clerk's Office shall include a copy of this Order in the documents to be served upon these individual Defendants.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 30, 2009